UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KARL ABANI,

    Plaintiff,

v.

DR. BRUCE WOLF, DR. NATHAN
CONDIE, AND DR. LAWRENCE
PROKOP,

    Defendants.
_____/

Case No. 25-10128
Hon. Jonathan J.C. Grey
Mag. Judge Curtis Ivy, Jr.

**ORDER GRANTING APPLICATION TO PROCEED
WITHOUT PREPAYING FEES (ECF No. 5) AND
PARTIALLY DISMISSING THE CASE**

**I.   INTRODUCTION**

Plaintiff Karl Abani[1] brings this 42 U.S.C. § 1983 action against Defendants Dr. Bruce Wolf, Dr. Nathan Condie, and Dr. Lawrence Prokop, faculty members at Michigan State University's College of Osteopathic Medicine ("MSU"). (ECF No. 4, PageID.22–24.) Abani alleges that defendants violated various constitutional and statutory rights during a disciplinary process that preceded Abani's expulsion from

---

[1] Although the docket and case-caption refer to the plaintiff as "Karl Abami", the plaintiff refers to himself as "Karl Abani" in his filing. (*See* ECF No. 4, PageID.23.) Therefore, the Court will refer to the plaintiff as Karl Abani in this Order.

medical school. (*Id.* at PageID.30–37.) Before the Court is Abani's application to proceed in forma pauperis. (ECF No. 5.)

A review of the application supports Abani's claim of pauper status. The Court **GRANTS** in forma pauperis status to Abani to proceed without prepayment of the filing fee for this action. However, for the reasons set forth below, the Court **DISMISSES IN PART** the action as frivolous and for failure to state a claim upon which relief may be granted.

## II.   BACKGROUND

Abani alleges that he was a medical student at MSU during the 2022–2023 academic year. (ECF No. 4, PageID.29.) Abani claims that during the final month of his medical school career, MSU dismissed him from the medical program following his complaints to college faculty about malpractice and his attempts to pursue additional training. (*Id.* at PageID.29–30.) Abani alleges that defendants violated his First, Fifth, Eighth, and Fourteenth Amendment rights as well as Title VI of the Civil Rights Act of 1964. (*Id.* at PageID.25, 29, 36.) Abani also alleges that defendants violated his privacy rights, violated anti-bullying rules, abused their power, and breached the duty of care. (*Id.* at PageID.36–37.)

## III. LEGAL STANDARD

Pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B), a district court may dismiss a complaint before service on a defendant if it is satisfied that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. A complaint may be dismissed as frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

In *McGore v. Wrigglesworth,* the Sixth Circuit clarified the procedures a district court must follow when faced with a civil action filed by a non-prisoner proceeding in forma pauperis:

> Unlike prisoner cases, complaints by non-prisoners are not subject to the screening process required by § 1915A. However, the district court must still screen the complaint under § 1915(e)(2). . . . Section 1915(e)(2) provides us with the ability to screen these, as well as prisoner cases that satisfy the requirements of this section. The screening must occur even before process is served or the individual has had an opportunity to amend the complaint. . . . The complaint must be dismissed if it falls within the requirements of § 1915(e)(2) when filed.

*McGore v. Wrigglesworth,* 114 F.3d 601, 608–609 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock,* 549 U.S. 199 (2007); *Smith*

3

*v. Bernanke,* 283 F. App'x 356, 357 (6th Cir. 2008). Federal courts hold pro se complaints to a "less stringent standard" than those drafted by attorneys. *Haines v. Kerner,* 404 U.S. 519, 520 (1972). However, pro se litigants are not excused from following basic procedural requirements. *Jourdan v. Jabe,* 951 F.2d 108, 110 (6th Cir. 1991); *Brock v. Hendershott,* 840 F.2d 339, 343 (6th Cir. 1988).

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)). While such pleading standard does not require detailed factual allegations, it does require more than the bare assertion of legal conclusions. *Id.* Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S.

4

at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555–556 (citations and footnote omitted); *see also Davis v. Prison Health Servs.*, 679 F.3d 433, 437–438 (6th Cir. 2012).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155–156 (1978); *Harris v. City of Circleville*, 583 F.3d 356, 364 (6th Cir. 2009).

## IV. ANALYSIS

### A. State Action

Abani alleges that defendants—three faculty members at MSU's medical college—violated federal constitutional and statutory provisions. (ECF No. 4, PageID.23–25.) Michigan State University is a public university and therefore a state actor. *NCAA v. Tarkanian*, 488 U.S. 179,

192 (1988). MSU faculty members acting within the scope of their employment are state actors under Section 1983. *Shah v. Univ. of Toledo*, No. 21 CV 581, 2021 WL 5140969, at *6 (N.D. Ohio Nov. 4, 2021) (citing *Tann v. Ludwikowski*, 393 F. App'x 51, 53 (4th Cir. 2010)). Here, Defendants arguably acted within the scope of their employment when they allegedly facilitated, managed, or conducted the disciplinary process that led to Abani's expulsion. Therefore, the Court will consider whether Abani alleges a deprivation of a federal constitutional right, statutory right, privilege, or immunity.

### B. First Amendment Claims

Abani alleges that defendants violated his First Amendment speech rights. (ECF No. 4, PageID.36.) Abani claims that his dismissal was based on complaints he made about malpractice that he observed and his efforts to pursue additional training during his final months of medical school. (*Id.* at PageID.30.) At this stage, the Court does not find that Abani's First Amendment claims are subject to dismissal under 28 U.S.C. § 1915(e)(2)(B).

Abani's claims sound in retaliation. To state a claim for relief, Abani must allege that: (1) he engaged in constitutionally protected conduct; (2)

defendants took an adverse action against him "that would deter a person of ordinary firmness from continuing to engage in that conduct;" and (3) the protected conduct motivated the adverse action at least in part. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012) (quoting *Mezibov v. Allen*, 411 F.3d 712, 717 (6th Cir. 2005)).

First, Abani alleges that he voiced concerns about medical malpractice at the hospital where he underwent training. (ECF No. 4, PageID.30.) That arguably qualifies as protected activity. *See Weil v. White*, 56 F. Supp. 3d 653, 665 (M.D. Pa. 2014) (noting that there was no dispute that the First Amendment protected a former physician assistant program student's ability to speak out about alleged ethical violations that he observed at a clinic where he underwent training). Second, Abani alleges that defendants' decisions during the disciplinary process led to his expulsion. (*Id.* at PageID.29–30.) Expulsion arguably satisfies the adverse action element. *See Diei v. Boyd*, 116 F.4th 637, 646–648 (6th Cir. 2024) (finding that plaintiff plausibly alleged an adverse action where she alleged that a committee at her school twice investigated her and once voted to expel her because of her social media posts). Finally, Abani alleges that his expulsion was based in part on his reports of

7

malpractice. (ECF No. 4, PageID.30.) At this stage, the Court is not satisfied that Abani fails to state plausible First Amendment claims, that the claims are frivolous, or that Abani seeks monetary relief from immune defendants. Therefore, Abani's First Amendment claims **MAY PROCEED**.

### C. Fifth Amendment Claims

Abani alleges that defendants violated his Fifth Amendment due process rights. (*Id.* at PageID.31–36.) However, the Fifth Amendment's Due Process Clause only applies to actions by the federal government. *Haertel v. Mich. Dep't of Corr.*, No. 20-1904, 2021 WL 4271908, at *3 (6th Cir. May 11, 2021). Abani does not allege that defendants are federal employees, and the complaint indicates that defendants are members of MSU's faculty. (*Id.* at PageID.23–24.) At this stage, the Court is satisfied that Abani fails to state a claim for relief under the Fifth Amendment. Therefore, the Court **DISMISSES** Abani's Fifth Amendment claims.

### D. Eighth Amendment Claims

Abani alleges that defendants violated his Eighth Amendment right to be free from cruel and unusual punishment. (ECF No. 4, PageID.36.) He alleges that the expulsion was disproportionate to his

8

conduct. (*Id.* at PageID.33.) The Court is not aware of any authority stating that the Eighth Amendment applies to public university disciplinary proceedings. To the contrary, the Eighth Amendment seems to not apply to school disciplinary decisions at all. *See Ingraham v. Wright*, 430 U.S. 651, 664 (1977) ("We . . . hold that the Eighth Amendment does not apply to the paddling of children as a means of maintaining discipline in public schools."); *Nixon v. Hardin Cnty. Bd. of Educ.*, 988 F. Supp. 2d 826, 841 (W.D. Tenn. 2013) (citations omitted) ("The Eighth Amendment . . . is inapplicable to a school's disciplinary punishment of students."). At this stage, the Court is satisfied that Abani's Eighth Amendment claims are frivolous because they lack an arguable basis in law. Therefore, the Court **DISMISSES** Abani's Eighth Amendment claims.

### E. Fourteenth Amendment Claims

Abani alleges that defendants violated his Fourteenth Amendment rights to equal protection, procedural due process, and substantive due process. (ECF No. 4, PageID.31–36.) At this stage, the Court does not find that Abani's Fourteenth Amendment claims are subject to full dismissal under 28 U.S.C. § 1915(e)(2)(B).

9

### 1. Equal Protection Claims

Regarding the equal protection claims, Abani must allege that defendants made a distinction that burdened a fundamental right, targeted a suspect class, or intentionally treated him differently from others similarly situated without any rational basis for the difference. *Doe v. Miami Univ.*, 882 F.3d 579, 595 (6th Cir. 2018). The complaint seems to indicate that Abani's Equal Protection claims are based upon all three grounds. Abani specifically alleges that defendants allowed a disciplinary committee to punish him for speaking out about alleged medical malpractice more harshly than students who engaged in "more severe, unusual, and unacceptable actions" like preparing and using drugs on campus. (*Id.* at PageID.35.) This allegation arguably falls under the first and third grounds and, therefore, the equal protection claims **MAY PROCEED** on that theory.

Abani also claims that defendants treated him differently based on race, age, and national origin. (ECF No. 4, PageID.35.) This allegation seems to fall under the second and third grounds, but Abani does not allege that he is a member of a suspect class. Further, the complaint lacks anything more than conclusory statements regarding alleged

discrimination based on race, age, and national origin. Therefore, the equal protection claims **MAY NOT PROCEED** on that theory.

### 2. Procedural Due Process Claims

Turning to the procedural due process claim, Abani alleges that defendants failed to provide adequate process during the disciplinary proceedings by, among other things, retaining impartial members on the disciplinary committee, failing to provide adequate evidence to support the dismissal, failing to provide Abani with a sufficient opportunity to be heard during a pre-dismissal evaluation meeting, failing to provide notice of all allegations before dismissal, and failing to allow Abani to use legal counsel during the disciplinary process. (*Id.* at PageID.32–35.)

The Due Process Clause applies to higher education disciplinary decisions. *Flaim v. Med. Coll. of Ohio*, 418 F.3d 629, 633 (6th Cir. 2005). Due process requires notice and an opportunity to be heard, but "[t]he type of notice and hearing will vary and be judged for sufficiency based on the context in which the dispute arose." *Id.* at 634. Further, cases involving disciplinary expulsions require a more searching inquiry into what process is due. *Id.* Here, Abani alleges that he did not receive adequate notice, a sufficient opportunity to be heard, and other process

11

during the disciplinary proceedings. (ECF No. 4, PageID.32–36.) At this stage, the Court is not satisfied that the procedural due process claims are frivolous or fail to state a claim for relief. Accordingly, the procedural due process claims **MAY PROCEED**.

### 3. Substantive Due Process Claims

Finally, Abani seems to state substantive due process claims. He alleges that defendants violated his privacy rights by disclosing his "confidential information (such as personal details) inappropriately through attachments to emails." (*Id.* at PageID.34.) The Sixth Circuit has recognized a constitutionally protected informational-privacy interest in two instances: (1) "where the release of personal information could lead to bodily harm" and (2) "where the information released was of a sexual, personal, and humiliating nature." *Lambert v. Hartman*, 517 F.3d 433, 440 (6th Cir. 2008). *See also Kenny v. Bartman*, No. 16-2152, 2017 WL 3613601, at *6 (6th Cir. May 19, 2017) (quoting *Wurzelbacher*, 675 F.3d at 586).

Here, Abani does not allege that the sharing of his personal information over email could lead or led to bodily harm. Nor does Abani allege that the information shared was of a sexual, personal, and

humiliating nature. Abani only alleges that defendants shared confidential and personal information, which could encompass a social security number. Abani indicates that he will detail this claim in amendments to the complaint (ECF No. 4, PageID.36), but the Court must screen the complaint as is under 28 U.S.C. § 1915(e)(2). Because Abani fails to raise a right to relief above a speculative level, the Court is satisfied at this stage that he fails to state a substantive due process claim for relief. Accordingly, the substantive due process claims **MAY NOT PROCEED**.

    F.    **Title VI Claims**

Abani alleges that defendants violated Title VI by discriminating against him during various stages of the disciplinary process. (ECF No. 4, PageID.36.) Abani further claims that defendants treated him differently on the basis of race, age, and national origin. (*Id.* at PageID.35.) First, Title VI only prohibits discrimination on the basis of race, color, or national origin, so the claim cannot proceed under an age discrimination theory. 42 U.S.C. § 2000d. More importantly, as stated above, Abani fails to do more than make conclusory statements regarding discrimination based on race or national origin. At this stage, the Court

13

is satisfied that Abani fails to state a claim for relief under Title VI. Therefore, the Court **DISMISSES** the Title VI claim.

### G. Other Claims

Abani seeks relief for "violations of anti-bullying rules," "[a]buse of power," and "breach [of] the duty of care." (*Id.* at PageID.37.) For each of these claims, Abani indicates that he will detail them in amendments to the complaint. (*Id.*) As mentioned above, the Court must screen the complaint as is under 28 U.S.C. § 1915(e)(2). At this stage, the Court is satisfied that these claims are frivolous because they lack an arguable basis in fact. Therefore, the Court **DISMISSES** these claims.

## V. CONCLUSION

Accordingly, for the reasons stated above, **IT IS ORDERED** that the Court **DISMISSES** Abani's Fifth and Eighth Amendment claims, and the Title VI claims.

**IT IS FURTHER ORDERED** that the Court **DISMISSES IN PART** Abani's Fourteenth Amendment claims. The Fourteenth Amendment claims may not proceed on a theory of age, race, or national origin discrimination nor may the claims proceed on a theory of a violation of informational privacy.

**IT IS FURTHER ORDERED** that the Court further **DISMISSES** Abani's claims based on violations of anti-bullying rules, abuse of power, and breach of the duty of care.

**IT IS FURTHER ORDERED** that Abani may proceed on his First Amendment claims. Abani may also proceed on his Fourteenth Amendment claims based on procedural due process and based on receiving harsher punishment for reporting malpractice compared to students who allegedly engaged in more severe conduct.

**IT IS FURTHER ORDERED** that the United States Marshals Service shall serve a copy of the complaint and this decision upon all defendants without prepayment of costs.

**This is not a final order and does not close the case**.

SO ORDERED.

Date: August 18, 2025

**s/Jonathan J.C. Grey**
Jonathan J.C. Grey
United States District Judge

## **Certificate of Service**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 18, 2025.

s/ **S. Osorio**
Sandra Osorio
Case Manager
